# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| DONNA CROSS and DOUG CROSS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:11-cv-21 (HL) |
| WAL-MART STORES, INC., d/b/a/ | : | |
| WAL-MART SUPERCENTER, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

On February 10, 2011, the Defendant filed a notice of removal in this Court asserting that the basis for this Court's jurisdiction is diversity. Consistent with the practices of this Court, the notice of removal, the accompanying documents, and the complaint were subject to an initial review to determine whether the jurisdictional requirements have been met. For the following reasons, the Court concludes that the Defendant has not established the elements of diversity jurisdiction. The Defendant has until March 1, 2011 to amend its notice of removal and cure the jurisdictional defects.

The Court defers issuing its Rules 16/26 Order and ruling on the motion to substitute the named Defendant (Doc. 2) until it determines that it has subject matter jurisdiction over the case.

## I.   BACKGROUND

The Plaintiffs filed their complaint in the State Court of Lowndes County,

Georgia on January 5, 2011. The complaint alleges that Plaintiff Donna Cross was injured when she fell on the Defendant's slippery floor. She seeks damages for medical expenses and pain and suffering. Plaintiff Doug Cross seeks damages for the loss of his wife's consortium.

The documents accompanying the notice of removal include a demand letter dated October 21, 2010, from the Plaintiffs' attorney requesting the Defendant pay $125,000 to settle the claims. In support of the demand, the attorney wrote that Plaintiff Donna Cross has incurred medical expenses totaling $5,069.27 and that Plaintiff Donna Cross will likely need knee replacement surgery to remedy her injuries caused by the Defendant's negligence.

## II. ESTABLISHING DIVERSITY JURISDICTION ON REMOVAL

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties; and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Because this case was originally filed in state court and removed to this Court by the Defendant, the Defendant bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, because the Plaintiffs have not pled a specific amount of damages, the Defendant must prove by a preponderance of the evidence that the amount in

2

controversy exceeds the jurisdictional requirement. Id. Removal is proper if it is apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. Id.

### III.     DIVERSITY OF CITIZENSHIP

A party must distinctly and affirmatively plead citizenship. Tucker v. Thomasville Toyota, 623 F. Supp. 2d 1378, 1380 (M.D. Ga. 2008) (citations omitted). The named Defendant in this case is a corporation. A corporation is a citizen of any state in which it is incorporated and of the state of its one principal place of business. Id. (citation omitted). The Defendant has properly shown its citizenship.

As for natural persons, a complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id. at 1381 (citations omitted). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. Id. (explaining that citizenship requires the person to be domiciled in the state).

Here, the Defendant has shown its citizenship, but only asserts that the Plaintiffs are residents of Georgia. Accordingly, the Defendant is ordered to file with this Court, no later than March 1, 2011, an amended notice of removal containing evidence of the Plaintiffs' citizenships.

### IV.     AMOUNT IN CONTROVERSY

It is not apparent from the face of the complaint or the notice of removal that the amount in controversy exceeds the jurisdictional requirement. The complaint does not

demand damages of a specific amount. The only specific allegations with respect to Plaintiff Donna Cross' medical expenses are that prior to the time of removal she had incurred $5,069.27 in medical bills and expenses.

The Plaintiffs assert that Plaintiff Donna Cross will need full knee replacement surgery, but does not present any evidence as to cost of the surgery. Further, the Plaintiffs' demand of $125,000 can be evidence of the amount in controversy, but the Defendant has not shown that the demand is an honest assessment of damages, as opposed to mere posturing. See Jackson v. Am. Gen. Fin. Srvs., Inc., 2006 WL 839092, at *2 n. 2 (M.D. Ga. Mar. 27, 2006) (Lawson, J.) (Explaining that a defendant must show the settlement demand was an honest assessment of damages and more than posturing by plaintiff's counsel).

The Defendant states that the amount in controversy in this case potentially may exceed $75,000, but that is not good enough to satisfy the preponderance of the evidence standard. Accordingly, the Defendant has until March 1, 2011 to cure the jurisdictional defects by filing an amended notice of removal containing sufficient evidence that the amount in controversy exceeds $75,000.

**SO ORDERED**, this the 16th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc