IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DONNA CROSS and DOUG CROSS, :
:
    **Plaintiffs,** :
:
:   Civil Action No.
:   7:11-cv-21 (HL)
**v.** :
:
**WAL-MART STORES, EAST, LP,** :
:
    **Defendant.** :
_____ :

# ORDER

Before the Court is the Defendant's supplement to the notice of removal (Doc. 9). For the following reasons, this case is remanded to the State Court of Lowndes County.

The Plaintiffs' complaint alleges that the Plaintiff Donna Cross was injured when she fell on the Defendant's slippery floor. She seeks damages for her medical expenses as well as her past and future pain and suffering. Plaintiff Doug Cross seeks damages for the loss of his wife's consortium. The asserted basis for this Court's jurisdiction is diversity.

On February 16, 2011, the Court ordered the Defendant to amend its notice of removal to cure the jurisdictional defects. The Defendant was ordered to include evidence showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. In the amended notice, the Defendant asserts that the Plaintiffs' claims exceed $75,000 because the Plaintiffs' attorney sent a presuit demand letter in the amount of $125,000 and because the Plaintiffs' attorney refused to stipulate that the

Plaintiffs' total damages were less than $75,000. The demand letter itemizes Plaintiff Donna Cross' medical expenses as $5,000 for past medical expenses and at least $40,000 in future medical expenses for a knee replacement.

## I.    REMOVAL STANDARD

For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir.2002). In reviewing notices of removal, removal statutes should be strictly construed, and in the face of a conflict between the parties, all uncertainties should be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994).

Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). When a case is removed to federal court, the defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co. Inc., 269 F.3d 1316, 1319 (11th Cir.2001).

The Court is satisfied that the parties are diverse from one another, but as is explained below in this order, it is not satisfied that the amount in controversy exceeds $75,000.

## II.   AMOUNT IN CONTROVERSY

The Defendant has attempted to prove that the amount in controversy has been met by pointing to the Plaintiffs' refusal to stipulate that the amount in controversy does

not exceed $75,000.  A plaintiff's refusal to stipulate that the total value of his damages are less than $75,000, by itself, is inadequate to prove the amount in controversy.  As the Eleventh Circuit stated in Williams, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320. Here, the Defendant must prove that the Plaintiffs' damages exceed $75,000 with other evidence.

The other evidence the Defendant presents is the presuit demand letter from the Plaintiffs requesting $125,000 in damages.  The special damages described in the letter total $45,000 for medical expenses.  The remainder of damages claimed are general damages for pain and suffering and loss of consortium.  To satisfy the amount in controversy, the Defendant must show by a preponderance of the evidence that the general damages exceed $30,000.

First, a settlement offer, by itself, does not determine whether the amount in controversy requirement has been satisfied, but "it counts for something." Burns, 31 F.3d at 1097.  More weight should be given to a settlement demand if it is an "honest assessment of damages." Jackson v. Am. Gen. Fin. Srvs., Inc., 2006 WL 839092, at * 2 n. 2 (M.D. Ga. Mar. 27, 2006) (quoting Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1365 (M.D. Fla. 1998)).

Here, the Court believes that the $125,000 settlement offer is not an honest assessment of damages.  The settlement demand was made before the Plaintiff's complaint was filed, making it more likely that the Plaintiffs' attorney was posturing for

3

settlement purposes. See Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256-57 (N.D. Ga.1996) (finding that a demand letter sent two weeks before plaintiff filed her case was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking."). Even the Defendant cannot state that the demand is reasonable, and instead concedes that "a demand of approximately three times the amount of past and future medical expenses is *not necessarily unreasonable* . . . ." (emphasis added).

Further, although the Plaintiff alleges that she suffered severe injury, in the Court's experience it is not likely that the Plaintiffs will recover over $30,000 in general damages. The Defendant has provided no evidence, aside from the demand letter, to influence the Court's view. It has not directed the Court to cases where plaintiffs have recovered general damages in excess of $30,000 for knee injuries and loss of consortium.

Accordingly, the case is remanded to the State Court of Lowndes County. The case is closed. Any pending motions are denied as moot.

**SO ORDERED**, this the 17th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

4